$$\frac{58}{|{}^\text{s}59} \quad \frac{293|}{658|}$$

## The Congregational Home Missionary Society

### v.

### Henry Van Arsdale et al.

[Filed March 18th, 1899.]

1. A legacy was given "to the Home Missionary Society of America."— *Held*, to be a good legacy to "the Congregational Home Missionary Society."

2. Under a gift to a legatee by an erroneous name, without any descriptive words, parol evidence is admissible to prove whom the testator intended to take.

Heard on bill, answer, replication and proofs.

*Mr. Cortlandt Parker, Jr.*, for the complainant.

*Mr. Arthur Denman*, for the defendant Presbyterian Board of Home Missions.

EMERY, V. C.

The testatrix, Mrs. Julia Van Arsdale Jones, bequeathed $3,000 " to the Home Missionary Society of America." There is no corporate body with this precise title, and the question in this case is whether the complainant is the legatee intended by this description, or whether the corporate defendant is. No other object of bounty is suggested. The complainant, in the year 1871, was incorporated under the laws of New York by the name of " The American Home Missionary Society," for the purpose of assisting feeble congregations and of sending the gospel and the means of Christian education to the destitute within the United States. Previous to the incorporation and from the year 1826, an unincorporated body with the same title had carried on missionary work of the same character. Originally this association had been composed of representatives, or members, of four church bodies, viz., the Congregational, Dutch Reformed, Presbyterian and Associate Reformed, but in 1837 the Presbyterian Church divided into two branches known as Old and New School, and only the New School branch continued the connection with the mission work carried on by the American Home Missionary Society. Mrs. Van Arsdale Jones, the testatrix, then Mrs. Van Arsdale, united with the First Presbyterian Church of Newark, a New School body, in 1857. She ceased residing in Newark about 1864, when her husband, Jacob Van Arsdale, died, and in 1879 married Mr. Jones, with whom she lived in Maryland until his death in 1886, after which she lived in Princeton, N. J., until the fall of 1895, when she returned to reside in Newark, where she died in May, 1896. Her will was executed in February, 1896, and revoked all previous wills, one of them now produced being a will dated December 14th, 1892, in which she gave and bequeathed $5,000 " to the Home

Missionary Society of America," and the draughtsman of this will (A. Pennington Whitehead, Esq., of the New Jersey bar), says that he obtained this language in substance from Mrs. Jones, the testatrix. He had drawn several previous wills for Mrs. Jones and one about 1887, for which she gave him a written memorandum made by herself, now produced, in which three legacies, among others, were marked:

"$5,000 Home Missionary Society.
"$3,000 Bible Society.
"$2,000 Tract Society."

In the will of 1892 the Home Missionary Society was described as "the Home Missionary Society of America," the Bible Society as "the American Bible Society," and the Tract Society as "the American Tract Society." There are no legacies to the two latter societies in the will of 1896, but in the will of 1892, as well as that of 1896, there is a legacy to another missionary society not mentioned in the memorandum, viz., $1,000 "to the Women's Union Missionary Society of America for Heathen Lands, incorporated in New York, in 1861." No other bequests to missionary societies appear either on the memorandum for the will of 1887 or the wills of 1892 or 1896. During Mrs. Jones' early connection with the First Presbyterian Church and up to 1861, three years before she left Newark, this church contributed regularly to the American Home Missionary Society, and after that time subscriptions to this society (apparently individual) were received irregularly from the church. In 1861 the New School Presbyterians formed a body called a board or committee of home missions for their own mission work, and from 1863 the Newark church seems to have contributed to this board regularly down to 1870, when the two bodies, old and new school, united.

In April, 1872, the home missionary boards of the old and new school, which had been respectively incorporated under the name of "The Trustees of the Board of Domestic Missions of the General Assembly of the Presbyterian Church in the United States of America," and "The Presbyterian Board of Home

Missions," were merged into the present corporation, under the corporate name of "The Board of Home Missions of the Presbyterian Church in the United States of America," which was at the date of the will, and is now, the name of the corporate defendant. The corporate name of complainant was, in August, 1893, and after Mrs. Jones' legacy in the will of 1892, changed from "The American Home Missionary Society" to its present name, "The Congregational Society of America," by an order of the supreme court of New York, and this change was legalized by act of the legislature on May 11th, 1896, three months after the execution of the will now in question, and a few days before Mrs. Jones' death. It does not appear that the testatrix knew of this change in the name of the complainant after the execution of her will in 1892, and in view of the fact that the will of 1896 was, in respect to the name of the legatee, an exact copy of the will of 1892, and the will of 1892 was, as the draughtsman says, used in drawing the will of 1896, I think there can be no reasonable doubt that the complainant (under its former name of "The American Home Missionary Society") was the legatee intended by the will of 1896, if it was the legatee intended by the will of 1892, as "The Home Missionary Society of America." While it appears that there is no corporate body of the precise latter name, the substantial similarity of the description with that of the complainant's former name, is so close that when taken in connection with the fact that the church with which deceased first united continued its mission work with the complainant altogether up to 1861, and to some extent by individual members up to 1864, the time deceased left Newark, the intention to designate complainant in the will of 1892 would seem to be clear. The defendant's claim to the legacy rests not on the substantial similarity or identity of corporate title, but upon parol proof of testatrix's declarations and acts subsequent to the time of her leaving Newark, which are claimed to show that the testatrix by the legacy intended the defendant the Presbyterian Board of Home Missions. Without going over the evidence in detail, I will merely state that it does not in my mind establish this contention or go any further than to show

that Mrs. Jones, after she left Newark in 1864, retained to some extent her interest in a Ladies' Missionary Society connected with the First Presbyterian Church of Newark. While she still retained her membership in the church, she attended regularly the churches of other denominations while away from Newark. She contributed to some extent (how much does not appear) towards this Ladies' or Women's Home Missionary Society connected with the Newark church, which society sent money and supplies of clothing in mission work, some of it entirely independent of the church board of missions and directly to the persons to be benefited, and some of the funds to the women's board or committee on home missions in New York, a department or branch of the Presbyterian Church Board of Missions which was first created, so far as I can make out from the evidence, after 1872.

None of the money contributed to this ladies' society of the Newark church went directly to the board of missions from the Newark society, nor does it appear that the testatrix knew that any of it ultimately went there, or that she ever made any other contributions through the church, or directly or indirectly to the Presbyterian Board of Home Missions. A lady who was (up to 1892 at least, when she left her $1,000 by her will) a friend of the testatrix, was actively interested in the work of the church society, and I find nothing in the evidence to establish that the corporate defendant itself was ever a supposed direct object of the bounty of the testatrix, either during her life or by her will. The evidence of this lady that Mrs. Van Arsdale told her that she was going to leave in her will money for the Home Missionary Society, that they should have her aid after she was gone, is clearly ineffective for the purpose of making the present legacy a legacy to the corporate defendant, even if admissible at all on the question of identity. Upon all the evidence in the cause I reach the conclusion the defendant corporation was not the legatee intended by testatrix as the Home Missionary Society of America, and that the complainant was the legatee intended. I will therefore advise decree that the legacy be paid to the complainant.