ALBERT H. ATTERBURY, executor, &c.,

*v.*

JOSEPH B. STAFFORD.

[Filed September 18th, 1899.]

Testator, by will, bequeathed "to the children of Dr. James B. S. * * * $500 apiece," &c. Testator had a brother, Joseph B. S., who was a physician. He had a nephew, James B. S., who was not a physician. The evidence showed that James B. S., though not a physician, was familiarly known among his associates as "Doc." or "Dr.," and had once been a clerk in a drug store, all of which was known to the testator, who was accustomed to allude to him in the same manner.—*Held,* that the name must control, and that James B. S. was the person meant.

On bill for construction of a will.

Samuel B. Stafford died on October 16th, 1897, leaving a will, the fourth clause of which reads thus:

"To the children of Dr. James B. Stafford, I bequeath $500 apiece; if any of his said children shall have died prior to my death leaving issue, such issue shall receive the share which the parent would have taken."

The admitted facts are these: The testator had one brother, Joseph B. Stafford, and one sister, Sarah S. Stafford. Joseph B. Stafford died before the testator made his will. Joseph B. Stafford left the following children: Robert C. Stafford, Catharine McIlvaine, Mary E. Lappeous, John S. Stafford and James B. Stafford. All these children save James B. Stafford were living at the time of the testator's death. James B. Stafford died before the testator and left four children, all of whom were alive at the time of testator's death. Joseph B. Stafford, one of the four children of James B. Stafford, deceased, claims $500 under the fourth clause of the testator's will. The children of Dr. Joseph B. Stafford oppose this claim and insist that they are entitled to the bequest contained in the said fourth clause.

---

Atterbury *v.* Stafford.

---

*Mr. James Buchanan,* for the complainant.

*Mr. Linton Satterthwait,* for the defendant.

REED, V. C.

The bill charges that there is no such person as *Doctor* James B. Stafford; that there is a James B. Stafford, but that he is not a doctor. It charges that Joseph B. Stafford was a physician and that he was the person intended by the testator, whom he described as Dr. James B. Stafford. The extrinsic testimony displays an alleged ambiguity. The legatee whose children are to take is said to be either misdescribed or misnamed. Therefore, to enable the court to strike out what is false in the designation of the legatee, and so carry out the intent of the testator, parol testimony has been introduced to show the number, the degree and the kinship of the testator's relations as well as how he regarded them and talked about them. *Lord Camoys* v. *Blundell, 1 H. L. Cas. 778; Thomas* v. *Thomas, 6 Durn. & E. 671; Vernor* v. *Henry, 3 Watts 393; Smith* v. *Smith, 1 Edw. Ch. 189; affirmed, 4 Paige 272.*

The evidence I think establishes the fact that James B. Stafford, while not educated as a physician, and although not practicing as a physician, yet was familiarly known among his associates as "Doc." or Dr. It seems to have been a matter of reputation that he had once been a clerk in a drug store, and so, probably in that way, acquired the prefix to his name.

It seems to be proved that he not only was so styled Dr. or Doc. amongst his associates, but that the testator knew all this, and he himself was accustomed to allude to him in the same manner. This being so the prefix to his name would not indicate that the testator had mistakenly applied the name to the wrong person. It is true that in a previous will made by the testator he distinguished Joseph B. from James B. by styling the former "Dr." and the latter merely James B. While this is a circumstance which would, in case there were doubt whether the testator had ever called the latter Dr., be of great importance, it loses nearly all of its force in view of the very strong testi-

mony that the testator, as already remarked, had frequently alluded to and addressed James B. as Dr.

It is urged also on behalf of the children of Dr. Joseph B. Stafford, that the testator in his former will had provided for, and had spoken kindly of Mrs. Lappeous, a daughter of Dr. Joseph B. Stafford, and therefore it is insisted that it is unlikely that he intended to cut her out from any benefit under the present instrument. But it is to be remarked that in the former will he recites that he had in a still earlier will provided for the purchase of a house for James B. So it appears that at one time James B. was exceptionally warm in the regard of the testator. It is true that in the former will he announces his intention of giving nothing to the children of James B., James B. being then dead; but in the same will he announces that no part of his estate shall be inherited by any persons claiming to be children of Dr. Joseph B. Stafford, except Mrs. Lappeous. Therefore the provisions of the present will, whether Joseph B. or James B. was intended, exhibits a radical change in sentiment from that presented by the former will.

In addition it appears that the testator, who had lived in Virginia, occasionally on his way from Virginia north stopped off at Philadelphia, and visited James B. Stafford, who lived there. It is quite as probable that the old regard which he had manifested for James B. in the earlier will had later revived in favor of his family, as it is that he had changed his mind in favor of all the children of Dr. Joseph B., after announcing that no part of his estate should reach any of them except Mrs. Lappeous.

I am therefore constrained to the conclusion that the name must control, and it must be assumed that James B. Stafford was the person meant.