## FRED VEADER, EXECUTOR, APPELLANT, v. SAMUEL VEADER, RESPONDENT.

Submitted March 16, 1916—Decided November 9, 1916.

In a suit to recover the proceeds of certain pension checks, endorsed by deceased during his lifetime to defendant, evidence to prove a verbal statement made by the deceased, not in the presence of the defendant and not contemporaneous with the giving of any check, where the object of such testimony was to show, by deceased's declaration, that the checks had not been endorsed to the defendant as a gift, is inadmissible.

---

On appeal from the Morris Circuit.

Before GUMMERE, CHIEF JUSTICE, and Justices SWAYZE and BERGEN.

For the appellants, *Elmer W. Romine.*

For the respondent, *King & Vogt.*

The opinion of the court was delivered by

SWAYZE, J. This suit is to recover the proceeds of certain pension checks which were endorsed by the pensioner, defendant's father, to the defendant. The endorsement of the checks and the receipt of the money by the defendant are admitted. The executor's claim is that the defendant was to collect and hold the money for his father. The jury found to the contrary, and the only question before us is the admissibility of evidence. The checks were delivered on the various quarter days, from May, 1911, to November, 1913. The plaintiff sought to prove a verbal statement by the father in February, 1912, not in the presence of the defendant and not contemporaneous with the giving of any check, with reference to the checks and the pension money. Confessedly, the object was to show by the father's declaration that the checks had not been endorsed to the defendant as a gift, and that the father, the plaintiff's testator, still retained the beneficial interest therein. The evidence was excluded and the question now is, was it admissible? The case differs from cases where there is a dispute as to whether the acts were performed—for example, whether a decedent was in a certain place (*Hunter* v. *State,* 40 *N. J. L.* 495), or whether a will was made (*State* v. *Ready,* 78 *Id.* 599), and from cases where the declaration is not self-serving. We are referred to *Speer* v. *Speer,* 14 *N. J. Eq.* 240. The question in that case was whether declarations of a grantor subsequent to a conveyance were competent evidence to prove that the conveyance was by way of advancement. Chancellor Green was careful to say that such declarations would be clearly incompetent to invalidate the title of the grantee. That is, in part, the very object with which they are here offered. As to past acts the

effort was to characterize them in such a way as to invalidate the son's title to the checks, by subsequent declarations of the endorser as to what he had meant at the time—declarations favorable to the declarant's own pecuniary interest. As to the past the declarations were clearly inadmissible. It is so, also, as to the future. It is well established that declarations, contemporaneous with the act, necessary to characterize what would otherwise be ambiguous or uncertain, are admissible. They are admissible, because without the declaration the legal effect of the act would be uncertain. For example, in the present case, the endorsement of the checks might have been meant as a gift to the son or a mere delivery to him as the father's agent. Whether it was or was not a gift depended on the intent of the father at the time of the endorsement, and his intent would be best evidenced by his language at the time. But a declaration of his intent in the future would be of no evidential value. A declaration that he would never endorse another check to the son might be admissible if the question at issue were the fact of the endorsements; but when that fact is conceded, and the only issue is as to the intent with which the endorsement was made, it is only the intent at the time that is of consequence. Until that time, the right of the endorser to change his mind could not be trammeled by his prior declaration. The cases in our reports affirming the admissibility of such declarations are careful to limit the admissibility to declarations that are contemporaneous with and give character to the transfer. *Luse v. Jones,* 39 N. J. L. 707, is the leading case.

We find no error and the judgment is affirmed.