The bill in this case was filed to obtain a construction of the last will and testament of Otto Von Fell, deceased. It alleges that the estate is ready for distribution, if a distribution can be had at this time under the terms of the will.
The defendants have answered and joined in the prayer of the bill. In the construction of the will the following questions are submitted:
(a) If the step-daughter of deceased and her children are entitled to share in the residuary estate; (b) is complainant a trustee under the provisions of the third paragraph of the will requiring him to hold the share of each minor child until such child shall arrive at the age of twenty-two years; (c) if under the third paragraph of the will above referred to complainant is to retain both the legacies given by the first paragraph and the share of such child in the residuary estate until the child arrives at the age of twenty-two years, or does the third paragraph relate only to the legacies given by the first paragraph; (d) is such minor child whose legacies or share is held under the third paragraph of the will entitled to receive the net income from such legacy or share, or is it to accumulate until the child arrives at the age of twenty-two years; (e) in case of the death of a minor child before arriving at the age of twenty-two years, will the legacies given such child by the first paragraph of the will lapse or will the representative of such child be entitled to same.
The pertinent portions of the will are as follows:
"First, after my lawful debts are paid, I give and bequeath the following legacies, namely: the sum of five thousand ($5,000) dollars to my son Alexander Von Fell; the sum of one thousand ($1,000) dollars to my daughter Amalia Spirling; the sum of one *Page 22 
dollar ($1) to my son George Von Fell; the sum of two thousand ($2,00) dollars to my granddaughter Wilma Spirling; the sum of two thousand ($2,000) dollars to my granddaughter Norma Spirling; the sum of two thousand ($2,000) dollars to my granddaughter Hilda Spirling; the sum of two thousand ($2,000) dollars to my granddaughter Norma Von Fell; the sum of two thousand ($2,000) dollars to my granddaughter Henrietta Von Fell; the sum of two thousand ($2,000) dollars to my grandson Edmund Von Fell; the sum of two thousand ($2,000) dollars to my grandson Charles Spirling.
"Second. I give, devise and bequeath to my children and grandchildren mentioned above, excepting my son George Von Fell, all the rest and remainder of my estate, both real and personal, share and share alike.
"Third. I give to my executor hereinafter named five per cent. of my whole estate for his services.
"The legacies of any of the above named are to be retained by the executor until they reach the age of twenty-two years.
"Likewise, I make, constitute and appoint my said son Alexander Von Fell to be my executor of this, my last will and testament, without bonds, hereby giving and granting to my executor full power and authority to grant, bargain, sell and convey any or all my lands at such time and upon such terms as to him may seem fit."
The testator was eighty-three years of age at the time of his death. He died in November, 1922. The will was made in May, 1922, and a few days after it was executed the testator sailed for Germany on a visit, and died there as a result of an operation which he underwent. He had been in good general health until that time.
The testator had been twice married. He had no children by his first wife. His second wife was a widow with one child by her former husband. That child is the defendant designed as Amalia Spirling, and she is the step-daughter of the testator. She was a child of about eight years of age at the time testator married her mother. She now has four children, namely, Wilma, Hilda, Norma and Charles.
Alexander Von Fell and George Von Fell are children of the testator by his second marriage. Alexander Von Fell has one child, Edmund, and George Von Fell has two children, Henrietta and Norma.
By the first clause of the will certain bequests were made to the children and grandchildren named therein, and by the second clause the residue of the estate was devised by *Page 23 
testator to his "children and grandchildren mentioned above,' except his son George, to be divided among them equally.
The present contest arises through the claim of the stepdaughter, Amalia Spirling, and her four children, to participate in the distribution of the residuary estate under the second clause of the will, as "children" and "grandchildren" of the testator. This claim, however, is resisted by testator's own son Alexander Von Fell, and his child, Edmund, and the two children of testator's own son George Von Fell, who claim that they are the only ones that are meant to share in the residuary estate under the provisions of the second clause of the will referred to.
It is the contention of this latter group that the words "children and grandchildren mentioned above," contained in the residuary clause, limits the distribution of the residuary estate technically to testator's own children and grandchildren, and excludes from participation therein his stepchild and her children.
The other group, however, contend that they also are entitled to participate in the distribution of the residuary estate, because (1) they were specifically named as "daughter" and "granddaughter" and "grandson," respectively, in the first clause of the will, and hence, fall within the description of the language "children and grandchildren mentioned above" in the residuary clause; and (2) because testator had always referred to them as his child and grandchildren, and had specifically instructed the draftsman of the will to include them in the group to take under the residuary clause.
Evidence was offered, showing clearly the testator's practice in this regard. The scrivener testified that the testator, at the time the will was prepared, described the parties to him to enable him to draft the will, and that all the data was given him by the testator; and that when the testator gave him the data of the various bequests desired to be made under the first clause of the will, the testator also stated that he wanted the residuary estate divided among the same persons as already described by him, with the exception of his son George. In re Gluckman'sWill, 87 N.J. Eq. 638; *Page 24 Veader v. Veader, 89 N.J.L. 399; State v. Ready, 33 N.J.L.J.112, citing (at p. 114) with approval Sugden v. Lord St.Leonards, L.R. 1 Pro. Div. 154; Rusling v. Rusling, 36 N.J. Eq. 603,
also citing with approval (at p. 608) Sugden v. LordSt. Leonards, supra.
There can be no doubt from this evidence that it was the intention of the testator that his step-daughter, Amalia Spirling, and her children, should participate in the distribution of the residuary estate, but, regardless of that evidence, I think that testator's intention, as indicated, is also clearly to be gathered from the face of the will itself. There could be no object in testator's designating Amalia Spirling as his daughter, and her children as his granddaughters and grandson, in the first clause of the will, unless he desired it to be clear that he regarded them as such, and intended that they should be included in the group of children and grandchildren as designated in the residuary clause of the will, otherwise he could have merely made the bequests to them, by name, in the first clause, without the description of relationship, and that would have been the end of it.
Testator must be taken to have used the designation with some object and purpose, otherwise it would be meaningless, and I cannot disregard the express language of the will and say that it meant nothing. I have no doubt that he intended to clearly define just whom he intended to take under the residuary clause when he used this language and description in the first clause.
Furthermore, it is significant that in the residuary clause, testator used the words "my children," excepting, however, his son George. Now, if, under that clause he had not intended that his step-child should also share in the residuary estate, there would have been no necessity for the use of the words "my children," for, after excluding his child George from participation in the residuary estate, he had but one child remaining, Alexander.
My conclusion is, therefore, that on the face of the will it is plain that the testator meant that his step-daughter and her four children should share in the distribution of the *Page 25 
residuary estate, and, buttressed by the testimony of the scrivener, which, under the cases cited I am satisfied is competent, this conclusion becomes irresistible.
The other questions submitted, which have not been argued by counsel, may be disposed of upon the settlement of the terms of the decree.
I will therefore advise a decree in accordance with these views.