ALEXANDER VON FELL, complainant-respondent,

*v.*

AMALIA SPIRLING et al., defendants-respondents.

[Submitted January term, 1925. Decided April 16th, 1925.]

1. Where a paragraph in a will reads: "Second. I give, devise and bequeath to my children and grandchildren mentioned above, excepting my son, G. von F., all the rest and remainder of my estate, both real and personal, share and share like;" and a step-daughter and her children are referred to in a paragraph immediately preceding as "my daughter," "my granddaughter" and "my grandson," respectively, and in which paragraph last referred to sons of testator are also referred to as "my son," and children of such sons as "my granddaughter" and "my grandson," *held* that such step-daughter and her children take under such second paragraph.

2. Such estate consisting entirely of personal property, the following direction in paragraph three of such will: "The legacies of any of the above named are to be retained by the executor until they reach the age of twenty-two years." *Held*, to refer to the share or legacy of any person under the age of twenty-two years taking under both paragraph one, where the shares or bequests are designated as "legacies," and under paragraph two, providing for the distribution of the residuary estate.

3. Such provision for retention of shares and legacies until the person entitled thereto reaches the age of twenty-two years, when the will by its terms contains no provision or direction for payment of income thereon, as it is earned or accrues, construed to mean that the income shall be accumulated and paid with the principal of the share or legacy at the time such principal becomes payable.

von Fell *v*. Spirling.        *97 N. J. Eq.*

On appeal from chancery, advised by Vice-Chancellor Lewis, whose opinion is reported in *96 N. J. Eq. 20*.

*Mr. Leroy Vander Burgh* and *Mr. Wendell J. Wright*, for the appellant.

*Mr. Robert Carey*, for the respondents.

The opinion of the court was delivered by

CAMPBELL, J.

Appellant as executor and trustee under the last will and testament of Otto von Fell, deceased, filed a bill of complaint, praying the construction by the court of chancery of certain portions of his testator's will. The defendants answered and joined in the prayer of the bill. From the decree entered this appeal is taken.

The testator was married twice. He had no children by his first wife. His second wife was a widow with one child by her former husband. That child is Amalia Spirling. She was about eight years of age at the time of her mother's marriage to the testator. She has four children, Wilma, Hilda, Norma and Charles. Testator had two children of this marriage, Alexander von Fell and George von Fell. Alexander has one child, Edmund, and George has two children, Henrietta and Norma.

The questions presented to the court below were:

1. Do Amalia Spirling and her children take under the second paragraph of the will?

2. Under paragraph three does the provision to retain legacies until the legatees arrive at the age of twenty-two years apply to those taking under paragraph two as well as those taking under paragraph one?

3. Is the income on retained legacies to be accumulated and held and paid at the arrival of the legatee at the age of twenty-two years, or is such income to be paid to such legatees as it accrues?

The decree below determines that Amalia Spirling and her children take under the second paragraph of the will; that the third paragraph, providing for the retention of legacies, does not apply to shares in the residuary estate under paragraph two, and that the income on retained legacies should not be accumulated but distributed as it accrues.

There are two grounds of appeal—(1) that the decree with respect to the matters above set forth is erroneous, and (2) that the court below improperly and illegally admitted evidence of the scrivener who prepared the will as to declarations, instructions and statements made by the testator to him prior to and at the time of the preparation and execution of the will, and statements by the scrivener with respect to the construction of words used in the will and the understanding of the scrivener of testator's instructions.

In our consideration of the case we have reached our conclusions without considering the testimony attacked by the second ground of appeal, and it, therefore, becomes unnecessary for us to consider the matters urged thereunder.

The second paragraph of the will reads:

"I give, devise and bequeath to my children and grandchildren mentioned above, excepting my son, George von Fell, all the rest and remainder of my estate, both real and personal, share and share alike."

The first paragraph refers to Amalia Spirling as "my daughter" and to her children as his granddaughters and grandson. They were not such in fact. In the same paragraph he refers to his son George as "my son," and in the same manner to his son Alexander and to their children as his granddaughters and grandson.

We think the inevitable conclusion must be that it was the intention of the testator to treat and act toward his stepdaughter, Amalia Spirling, as if she were, in fact, his daughter, and her children as if, in fact, theye were his grandchildren by the blood. We conclude, therefore, that Amalia Spirling and her children, Wilma, Hilda, Norma and Charles, take under the second paragraph of the will, and the decree in that respect is affirmed.

34

Paragraph three provides, *inter alia:* "The legacies of any of the above named are to be retained by the executor until they reach the age of twenty-two years."

We think that herein the intention of the testator can readily be determined. Although in paragraph one the bequests are referred to specifically as legacies, and, while in the distribution of the residuary estate, under paragraph two, the language employed is, "I give, devise and bequeath," yet the fact is that the entire estate consisted of government bonds and cash in the amount of $56,000. It is presumed that testator knew the value of his estate and what class or classes of property it consisted of. Here it was entirely personal property, and we think it would be unreasonable to assume that the testator intended to provide for a withholding of payments under paragraph one, and not a similar withholding as to the same persons under paragraph two, when his entire estate consisted of personal property only.

We conclude, therefore, that the foregoing provision in paragraph three refers alike to paragraph one and paragraph two, and in that respect the decree below is erroneous and should be modified.

The decree below also directs that the income upon retained shares or legacies is to be distributed from time to time to the parties entitled to the share or legacy. In this respect, also, we conclude that the decree below is erroneous. The will is silent as to the income on retained shares or legacies, and there is nothing therein from which an intention of the testator can be inferred, that it was his will and intention to distribute income and withhold principal of a share or legacy.

In such a situation we think the reasonable construction must be that the income must be accumulated and paid at the time when the principal of the share or legacy is payable under the terms of the will.

In this respect, also, the decree below will be modified.

The decree below is affirmed, to the extent herein indicated, and the cause remanded with instructions to modify the decree in other respects in accordance with the conclusions of this court herein expressed.

*For affirmance*—None.

*For reversal*—None.

*For modification*—THE CHIEF-JUSTICE, TRENCHARD, PAR-
KER, MINTURN, KALISCH, BLACK, KATZENBACH, CAMPBELL,
LLOYD, WHITE, GARDNER, VAN BUSKIRK, CLARK, McGLEN-
NON, KAYS, JJ. 15.