BERTHA KLEIN, PLAINTIFF-RESPONDENT, v. JOSEPH HANDLER, DEFENDANT-APPELLANT.

Decided June 22, 1927.

**Landlord and Tenant—Suit For Rent Where it is Alleged Tenant Removed Without Giving the Necessary Three Months' Notice—Defendant Offered Copy of Letter Giving Such Notice, but it was Not Admitted Because No Notice to Produce Original Had Been Given—Held, That Judgment For Plaintiff be Sustained.**

On appeal from the First District Court of the city of Newark.

Before Justices KALISCH, KATZENBACH and LLOYD.

For the appellant, *Meisterman & Katchen* (*Samuel G. Meisterman,* of counsel).

For the respondent, *Sidney A. Bierman* (*Max II. Herbstman,* of counsel).

PER CURIAM.

This appeal is before us on a state of the case agreed upon between the attorneys of the respective parties, which state of the case is as follows: "The action was to recover the sum of $180, being three months' rent of certain premises vacated by the defendant without three months' notice in writing to the plaintiff, who was alleged to be the landlord of the defendant of the aforementioned premises."

The plaintiff was sworn and testified that she was the owner of the premises and that her husband, Joseph Klein, was her general agent in charge of the same. The defendant, Joseph Handler, was then called by the court and the defendant testified that on June 27th, 1925, he personally mailed to Joseph Klein a notice that he would vacate the premises on October 1st, 1925. Counsel for defendant produced a copy of the aforementioned notice, which the defendant identified. Counsel for defendant then offered this in evidence, but this was objected to by counsel for plaintiff, because he had not been served with notice to produce the original. The objection was sustained. The defendant further testified that he had had several talks with Mr. Joseph Klein, thereafter, concerning the notice; that Mr. Klein asked the defendant to stay over another month, that is, until November 1st, 1925. Defendant testified that he did this and that he stayed over until November 1st, 1925, at which time he moved. Mr. Joseph Klein was then called and he testified that he did not receive any notice and he testified further that the premises remained vacant for three months, though he used diligence in attempting to rent the same. Upon this testimony

the court gave judgment for the plaintiff for the sum of $180 and costs.

Exception to the court's ruling was prayed and granted.

The first point made in appellant's brief is, that the plaintiff failed to establish an obligation on part of the defendant to have given a three months' notice.

This appears to us to be frivolous. We must be guided in the determination of this appeal by the state of the case agreed upon between counsel. The state of the case assumes that there was such an obligation resting upon the defendant to give a three months' notice to the plaintiff of his intention to vacate the premises occupied by him.

Next, it is argued that the evidence produced at the trial clearly established a surrender by operation of law, and the finding of the court in favor of the plaintiff was contrary to the law and facts of the case.

We are unable to discern anything, in the facts set out in the state of the case, which tends to establish that there was a surrender in law or in fact of the premises by the defendant to the plaintiff.

Next, it is argued that the copy of a notice of surrender mentioned in the state of the case should have been admitted in evidence, because the plaintiff denied receipt of the notice of surrender and because a duplicate of the original notice is the best evidence of the nature and contents of the original notice. This contention is without substance. No notice was given to plaintiff to produce the alleged original notice which was necessary in order to entitle the defendant to introduce the alleged copy, and the mere fact that the defendant produced a copy of a notice which he said he had served on the plaintiff did not thereby make such copy evidential of the fact of the service of such notice on the plaintiff. Moreover, the service of a notice was denied and raised a factual question for the trial judge to decide.

For these reasons the judgment below must be affirmed.

Judgment is affirmed, with costs.