JOHN A. PAOLERCIO, ET AL., PLAINTIFFS–APPELLANTS, v. RICHARD A. WRIGHT, ET AL., DEFENDANTS– RESPONDENTS.

Submitted November 1, 1948—Decided November 22, 1948.

*Messrs. McCarter, English & Studer, (Messrs. Verling C. Enteman Norman L. Gill,* of counsel), for plaintiffs-appellants, John A. Paolercio and Angelo Donofrio.

*Messrs. Kein & Scotch (Mr. Gustave A. Kein, Jr.,* of counsel), for defendants-respondents, Dorothy Grewe Gilbert and Ernest A. Grewe, individually.

*Mr. Paul J. O'Neill,* for defendants-respondents, Eunice I. Fred(e)ricks and Clifford Fred(e)ricks.

*Mr. Stanley W. Greenfield,* for defendants-respondents, J. Arthur Christie and Samuel H. Christie, Sr., individually.

PER CURIAM. The appellants made a two fold application in a civil action which relates to the rules.

The first applies for a construction of *rule* 1:2–4*(d)* relating to the preparation of the transcript in which a stenographic report of the evidence or proceedings was taken. The rule is clear and requires the entire proceedings to be transcribed.

The second portion of the application is to relax *rule* 1:2–4*(d)* so as to reduce the stenographic transcript of the proceedings in the Court below. It is urged by appellant that the testimony is extensive and the scope of the issues

to be presented on appeal are narrow so that the rule will delay the presentation of the appeal and cause undue expense to the litigant. We are accordingly asked to exercise our power under *Rule* 1:7–9 and relax the rule in this case and allow to be transcribed only such portions of the proceedings as will be used in the appeal by the appellants. The motion is opposed by the respondents.

It is true that two of the purposes of the Court rules are to facilitate and expedite litigation and avoid undue expense to the litigant. It is for these reasons that the rules provide that the printing of the record *(Rule* 1:3–1*)* shall be limited to that portion which is essential to the decision of the questions presented by the appeal and that appellants and respondents are urged to join in the preparation of a joint appendix. *Rule* 1:3–5. The transcript of the entire testimony, however, serves a purpose separate and apart from the limited record, briefs and appendices. Since the cardinal objective of our rule is to promote justice it may require the availability of the whole proceedings to present and support the questions involved as required by *rules* 1:3–2*(c)* and 1:3–3*(c)*. The availability is accomplished by requiring the original transcript to be delivered to this Court and making a carbon copy available to the parties. *Rules* 1:2–21*(a)* and *(e)*.

The provisions of *rule* 1:2–22 are called to the attention of counsel. This rule allows an abbreviated stenographic transcript under certain conditions which are therein set forth.

The motion to relax *rule* 1:2–4*(d)* is denied.

*For denial:* Chief Justice VANDERBILT, and Justices CASE, HEHER, OLIPHANT, WACHENFELD, BURLING, and ACKERSON—7.

*Opposed:* None.