6 N.J. Super. 371 (1950)
71 A.2d 377
AGNES B. FITZGERALD, PLAINTIFF-RESPONDENT,
v.
MARTIN J. FINNEGAN, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued January 16, 1950.
Decided February 14, 1950.
*373 Before Judges McGEEHAN, COLIE and EASTWOOD.
Mr. Morris Dobrin, attorney for and of counsel with plaintiff-respondent, argued the cause.
Mr. Martin J. Finnegan, pro se, argued the cause.
The opinion of the court was delivered by EASTWOOD, J.A.D.
Plaintiff's action for unpaid rent alleged to be due her by defendant was originally instituted in the District Court of the Second Judicial District of the County of Bergen. Subsequent to the filing of defendant's answer and counterclaim, he made application for and obtained an order transferring the action to the then Circuit Court, on the ground that his counterclaim was for an amount in excess of the limited jurisdiction of the District Court. A trial before the Superior Court, Law Division, resulted in a directed verdict for plaintiff and against defendant in the sum of $476.19, and a directed verdict in favor of defendant against plaintiff on his counterclaim in the sum of $112.06, whereupon judgment was entered in favor of plaintiff against defendant for the net sum of $364.13. Defendant appeals from the judgment entered.
Before engaging upon any discussion or determination of the merits of defendant's several grounds of appeal, we deem it essential to point out several infractions of the Rules by defendant, viz.:
Defendant has failed to print as part of his appendix the judgment of the trial court, as required by Rules 1:3-1 and 4:3-1.
Violation of Rules 1:3-2 (f) and 4:3-1, in that he did not number every tenth line on each page of the appendix, nor did he state the date of filing each paper printed in the appendix *374 at the head of the copy, nor did he comply with that part of the Rule that "* * * At the top of each page * * * with respect to evidence the name of the witness and whether the examination is direct, cross or redirect" must be stated.
Non-compliance with Rules 1:3-8 and 4:3-1, requiring that where portions of the record are referred to in a brief, "* * * reference shall be made to the lines and pages of the appendix or brief where they may be found." All such references in defendant's brief are to the "transcript."
Defendant's brief and appendix do not comply with Rules 1:3-9 and 4:3-2. Each exceed twenty pages and are required, therefore, to be printed in conformity with Rule 1:3-9 (a). Defendant has violated the Rule in the following particulars: five pages of the brief are printed and the balance thereof, as well as the entire appendix, are typewritten; the pages of both the brief and appendix exceed the size prescribed by the Rule; both the brief and appendix are prepared on white paper, rather than India eggshell, opaque and unglazed paper as required by the Rules. No application was made by defendant to permit the filing of the brief and appendix in the form in which they were submitted.
The most serious violation was defendant's failure to file a complete transcript of the stenographic record of the proceedings before the trial court, as required by Rule 1:2-4. The court reporter's affidavit, submitted by plaintiff, states that the defendant requested only certain portions of the record to be transcribed; that the part transcribed comprises only about fifty per cent of the entire record taken by him; that it does not contain copies of any exhibits, approximately fifteen in number. We have examined the portions of the transcript filed by defendant and find that it includes only portions of the direct and cross-examination of plaintiff's witness, Maxwell Goldburgh, and only portions of the direct testimony of defendant and his witness, Harry McDonald, and no part of their cross-examination. Nor does the transcript include any of the testimony of the defendant's witness, Esther Finnegan. Rule 1:2-4 (d) requires the filing of a transcript of the entire proceedings except where, under *375 Rule 1:2-22, an abbreviated transcript of the proceedings may be filed under the conditions therein set forth. Paolercio v. Wright, 1 N.J. 121 (Sup. Ct. 1948) holds:
"The first applies for a construction of rule 1:2-4 (d) relating to the preparation of the transcript in which a stenographic report of the evidence or proceedings was taken. The rule is clear and requires the entire proceedings to be transcribed."

* * * * * * *
"* * * The transcript of the entire testimony, however, serves a purpose separate and apart from the limited record, briefs and appendices. Since the cardinal objective of our rule is to promote justice it may require the availability of the whole proceedings to present and support the questions involved as required by rules 1:3-2 (c) and 1:3-3 (c). The availability is accomplished by requiring the original transcript to be delivered to this Court and making a carbon copy available to the parties. Rules 1:2-21 (a) and (e)."
While defendant appears pro se, he is a practicing member of the Bar of another State. He was represented by competent and experienced counsel at the trial. His laxity and the manner in which he disregarded the applicable Rules in the preparation and prosecution of his appeal warrants the criticism of this court, particularly in view of the fact that several weeks prior to the argument, on plaintiff's application to dismiss because of violations of certain Rules, the court permitted him to proceed upon compliance with the Rules allegedly violated at that time, but cautioned him that if at the argument there was proof of further non-compliance with the Rules in the perfection and prosecution of his appeal, it would be seriously jeopardized. At the time of the disposition of the motion to dismiss, one of the grounds advanced for dismissal was defendant's failure to file a proper transcript and plaintiff was granted the right to renew his motion for dismissal at the argument of the appeal. Defendant's disregard of the Rules should not be tolerated and a dismissal of his appeal by virtue thereof is justified. Cf. Shortau v. Buresch, 3 N.J. Super. 139 (App. Div. 1949).
The appeal should be disposed of by dismissal for the reasons hereinabove stated. However, in view of the fact that it has been fully argued, we have reviewed defendant's *376 grounds of appeal and find they are not meritorious. Only one of his grounds of appeal deserves comment, that is, that the court erred in ruling that the post-tenancy O.P.A. order of November, 1946, had unlawfully operated retroactively against defendant. The effect of this ruling required the defendant to pay a monthly rental of $165 for the premises leased by him from plaintiff. This rental was identically the same rental agreed upon by the parties at the time of the execution of the lease in question. We conclude that the trial court was correct in determining that it had no jurisdiction to pass upon the ruling of the Office of Price Administration complained of by defendant. Under Section 204 of the Emergency Price Control Act of 1942, as amended (50 U.S.C.A. Appx., § 924, 11 F.C.A., title 50, Appx. 25, § 204) jurisdiction to attack a ruling of the Office of Price Administration is exclusively vested in the Emergency Court of Appeals. No protest was made by defendant nor any appeal taken by him from the O.P.A. ruling. He was precluded, therefore, from attacking it at the trial of this action. The question has been decided in the case of Woods v. Hills, 334 U.S. 210, 92 L.Ed. 1322, wherein Mr. Chief Justice Vinson, speaking for the court stated:
"There can be no doubt that the exclusive jurisdiction conferred on the Emergency Court of Appeals by Sec. 204 (d) precluded the District Court in 1946 from determining the validity of the individual rent order even though the defense to the action brought there was based on the alleged invalidity of the order."

* * * * * * *
"* * * the exclusive jurisdiction provision in Sec. 204 (d) is not a meaningless anomaly so far as review of rent control orders is concerned, and it remains as substantial a barrier to review of the second rent order by the District Court as it was held to be in Yakus v. United States, 321 U.S. 414, 88 L.Ed. 834, 64 S.Ct. 660 (1944). * * *"
Cf. Woods v. Mikelberg, 80 F. Supp. 222 (U.S. District Court, Penna., 1948).
The judgment of the trial court is affirmed, with costs.